**In the MATTER OF: Bruce J. GOLDBERG, Respondent**

**Supreme Court Case No. 22S00-1007-DI-341**

Supreme Court of Indiana.

February 10, 2017

Published Order Revoking Probation and Imposing Suspension

Loretta H. Rush, Chief Justice of Indiana

On August 24, 2011, the Court entered an order suspending Respondent from the practice of law for a period of 90 days, with 30 days actively served and the remainder stayed subject to completion of at least two years of probation.

Following an initial probation violation, upon joint motion by the parties the Court entered an order on April 14, 2015, modifying and extending Respondent's probation. Consistent with the parties' joint motion, our order provided that "[a]ny violation of the modified terms of Respondent's probation shall constitute a material violation which will result in revocation" and that "[i]f Respondent's probation is revoked, he shall serve the sixty-day balance of his suspension without automatic reinstatement."

On December 19, 2016, the Commission filed a verified motion to revoke Respondent's probation, pursuant to Admission and Discipline Rule 23(17.2)(a) (2016), asserting Respondent violated the conditions of probation by failing to pay bankruptcy filing fees or installments thereon when due despite his clients having advanced those fees to Respondent, commingling those client funds with his own, and representing to the Bankruptcy Court that

those client funds were no longer available. Respondent has filed responsive papers admitting the material allegations in the Commission's motion and requesting, among other things, that any suspension be delayed and imposed with, rather than without, automatic reinstatement.

Being duly advised, the Court GRANTS the Commission's motion and revokes Respondent's probation. **Respondent shall be suspended from the practice of law for a period of not less than 60 days, without automatic reinstatement, beginning March 23, 2017.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26) (2017). Included among these duties, Respondent shall not undertake any new legal matters between receipt of this order and the effective date of his suspension, and upon the effective date of his suspension Respondent shall not practice law, represent clients, or maintain a presence or occupy an office where the practice of law is conducted. Admis. Disc. R. 23(26)(b)(1). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(18) (2017). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. Id. The costs of this proceeding are assessed against Respondent.

All Justices concur.